# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1509

_____

Michael Clavier,

               Appellant,

     v.

Unknown Goodson, Sgt.; Unknown
Wilson, Lt.; Unknown Toppins, Lt.,
in their individual and official
capacities,

               Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*
\*
\*

_____

Submitted: May 10, 2007
Filed: May 21, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Michael Clavier appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action against three correctional officers in their individual and official capacities. Clavier alleged that, based on their incorrect belief that he had

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

ingested drugs during a prison visit, defendants gave him a choice between drinking water to induce vomiting or spending time in a "dry cell" (a cell without plumbing); he chose the vomiting option to avoid spending several days handcuffed in a dry cell, and as a result he suffered a sore throat and bruised muscle. Clavier claimed, as relevant to this appeal, that defendants' actions violated his Eighth Amendment rights, and he requested damages and injunctive relief.

We conclude that dismissal was proper because defendants' actions did not amount to an Eighth Amendment violation. See Whitley v. Albers, 475 U.S. 312, 319 (1986) (only unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by Eighth Amendment); Avalos v. City of Glenwood, 382 F.3d 792, 798 (8th Cir. 2004) (if no constitutional right has been violated, further inquiry regarding qualified immunity is unnecessary). Clavier's remaining arguments are without merit.

Accordingly, we affirm.

_____